41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose LONDONO, Defendant-Appellant.
 No. 93-50643.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Londono appeals the conviction and 121-month sentence imposed following his entry of a guilty plea to conspiracy to distribute and aiding and abetting the possession of cocaine for distribution in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 18 U.S.C. Sec. 2.
 
 
 3
 Londono's counsel filed an opening brief alleging two errors in the sentencing process: (1) the district court induced Londono to plead guilty by promising imposition of a 120-month sentence and then imposed a 121-month sentence; and (2) the district court erred by failing to append to the presentence report (PSR) findings regarding disputed factual matters contained in the PSR. Londono's counsel subsequently filed a motion to requesting that we consider her opening brief as one filed pursuant to Anders v. California, 386 U.S. 738 (1967), and that she be permitted to withdraw as counsel of record.
 
 
 4
 We granted counsel's motion requesting that the opening brief be considered an Anders brief but delayed consideration of the request to withdraw pending our review of the merits of Londono's appeal. We also notified Londono that he could file pro se a supplemental brief identifying any issues which he wished to have considered on appeal. Londono declined to file a supplemental brief.
 
 
 5
 Counsel's motion to redesignate her opening brief as an Anders brief was well-taken. Londono's first claim of error regarding the district court's alleged inducement of a plea in the instant case rests upon an error in the sentencing transcript which has subsequently been corrected. The error made it appear to appellate counsel, who was not trial counsel, that the sentence recommended in the plea agreement, and which the district court was prepared to impose, was "120 months." In fact, what was actually stated in court was that the recommended sentence was "121 months." See United States v. Londono, No. CR-798-SVW (C.D.Cal. Apr. 26, 1994) (order granting motion to correct sentencing transcript).
 
 
 6
 Londono's claimed violation of Rule 32 is moot in light of his concession that the district court has subsequently corrected the error by transmitting the required information to the Bureau of Prisons.
 
 
 7
 The judgment is AFFIRMED and the motion of counsel to withdraw is GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3